Said AHMAD, Plaintiff,

v.

Mike EHRMANN, Robert Furlong, John Watts, and Gary Golder, Defendants.

No. CIV.A.01–F–1164 PAC.

United States District Court, D. Colorado.

Sept. 29, 2004.

Said Ahmad, Sterling, CO, pro se.

James Parker Rouse, Sr., Amy Dawn Clark Desai, Rouse & Associates, PC, Greenwood Village, CO, for Plaintiff.

Edward T. Farry, Jr., Farry and Rector, LLP, Colorado Springs, CO, for Defendants.

## ORDER ACCEPTING AND ADOPTING RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

FIGA, District Judge.

THIS MATTER is before the Court on State Defendants' Motion for Summary Judgment (Dkt.# 129), State Defendants' Motion to Dismiss the Religious Land Use and Institutionalized Person Act ("RLUI-PA") Claim (Dkt.# 127), and Defendant John Watts' Motion for Summary Judgment (Dkt.# 132), all filed on September 5, 2003. The Court referred all pre-trial motions, including the motions at issue, to Magistrate Judge Patricia A. Coan by Order of Reference dated September 26, 2001. On August 5, 2004, Magistrate Judge Coan issued a 50–page Recommendation of United States Magistrate Judge on the pending motions ("Recommendation") (Dkt.# 196).

Plaintiff Said Ahmad, an inmate in the Colorado Department of Corrections Sterling Correctional Facility ("SCF"), asserts claims against prison officials under 42 U.S.C. § 1983 for deprivation of his constitutional rights and for violation of RLUI-PA, 42 U.S.C. § 2000cc, *et seq.* Mr. Ahmad, a devout Muslim, alleges that his religious practice forbids his praying in the presence of a toilet. Therefore, Mr. Ahmad alleges that the SCF prohibition on group prayer and "individual demonstrative prayer" in open areas, which forces him to pray in his cell in the presence of a toilet, violates his First Amendment free exercise rights, his Fourteenth Amendment equal protection rights, and RLUI-PA. Mr. Ahmad further alleges that defendant Watts retaliated against him for exercising his First Amendment rights. Mr. Ahmad seeks injunctive relief against all defendants, and nominal and punitive damages against defendants Ehrmann, Furlong, and Watts.

In her Recommendation, Magistrate Judge Coan analyzes the four *Turner* factors to determine the constitutionality of the prison regulation, *see Turner v. Safley,* 482 U.S. 78, 89–91, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987), and finds that all four of the *Turner* factors weigh in defendants' favor. She recommends granting summary judgment in favor of defendants on Mr. Ahmad's First Amendment free exercise claim, equal protection claim and retaliation claim. Magistrate Judge Coan also finds that defendants had a compelling security interest to justify the prohibition against congregate prayer, but that genuine issues of material fact remain as to the prohibition on individual demonstrative prayer. Thus, Magistrate Judge Coan recommends granting the motion for summary judgment as to congregate prayer, but denying the motion of summary judgment as to individual demonstrative

prayer. Magistrate Judge Coan further recommends that the Court dismiss Mr. Ahmad's entire RLUIPA claim as to defendant Watts and punitive damages for violation of RLUIPA thus could only be applicable to defendants Ehrmann and Furlong. Finally, Magistrate Judge Coan finds, contrary to defendant's assertions, that RLUIPA does not violate the Spending and Commerce Clause, the Establishment Clause, the Tenth Amendment, and the Separation of Powers doctrine.

Mr. Ahmad filed an objection to the Recommendation on August 23, 2004. Defendants preliminarily claim that Mr. Ahmad's objection is untimely. However, pursuant to F.R.Civ.P. 6(e), because of the three additional days added for service by mail, and not including intermediate Saturdays and Sundays, Mr. Ahmad's objection is timely.

As a preliminary matter, Mr. Ahmad objects to Magistrate Judge Coan's definition of "congregate prayer" as more than four and asks the Court to examine the issue of congregate prayer as a ban on any group more than one. Mr. Ahmad also objects to Magistrate Judge Coan's conclusions as to the four *Turner* factors. Finally, Mr. Ahmad objects to Magistrate Judge Coan's Recommendation on his equal protection and retaliation claims.

F.R.Civ.P. 72(b) states that a party objecting to a magistrate judge's recommendation may file written objections within ten days after being served with a copy. The rule also provides that the district judge to whom the case is assigned shall make a *de novo* determination of any portion of a magistrate judge's recommendation to which the parties specifically object to in writing. As Mr. Ahmad has timely filed an objection, the Court reviews *de novo* the motions at issue and rules as follows.

**FIRST AMENDMENT FREE EXERCISE CLAIM**

■ Mr. Ahmad challenges Magistrate Judge Coan's conclusions as to the four *Turner* factors, including that because the factors weighed in defendants' favor, summary judgment on the First Amendment Free Exercise Claim should be granted in favor of defendants. In analyzing the constitutionality of a prison regulation, a court should consider: (1) whether a rational relationship exists between the regulation and a legitimate governmental interest advanced to justify it; (2) whether alternative means exist for inmates to exercise the asserted right; (3) what effect accommodation of the asserted right will have on guards, inmates, and prison resources; and (4) whether an alternative exists which would accommodate the asserted right at *de minimis* cost to valid penological interests. *Turner,* 482 U.S. at 89–91, 107 S.Ct. 2254.

■ Mr. Ahmad contests that there is no rational relationship between the regulation and the governmental interest advanced to justify it. Defendants assert that the policy maintains order and security, and prevents prison violence. Prison security is a legitimate penological goal, perhaps the most legitimate. *Overton v. Bazzetta,* 539 U.S. 126, 133, 123 S.Ct. 2162, 156 L.Ed.2d 162 (2003); *Templeman v. Gunter,* 16 F.3d 367, 371 (10th Cir.1994). In addition, the regulation is not overly broad. Silent prayer that does not disturb other inmates is allowed and small groups of inmates studying the bible or discussing the Quran are also exempted. The regulation is thus rationally related to legitimate penological goals.

Mr. Ahmad further contests Magistrate Judge Coan's having defined "congregate prayer" as prayer by any group greater than four, rather than two. Nevertheless, the reasoning behind prohibiting congre-

gate groups-maintaining prison security-applies equally to groups of two as well as and groups of more. Prayer in groups of whatever size in open areas of living units could offend some non-worshipers who hear or see the ritualistic prayer of others and lead to inmate disturbance or potential religious, racial or ethnic violence, considering the mixture of various religious affiliations. If a group of four Muslims were praying together in an open area with Christian identity adherents or white supremacists, for example, the risk of violence is not significantly less than if the group consisted of five Muslims praying together. In that case, the same fears of prison guards of racial violence remain regardless of the number of Muslims praying together. The Court therefore agrees with and adopts Magistrate Judge Coan's Recommendation that the first *Turner* factor, whether the prison regulation is rationally related to the governmental interested advanced, weighs in the defendants' favor.

■ Mr. Ahmad next contests the conclusion as to the second *Turner* factor, arguing that placing butcher paper over the toilet in his cell is not an alternative to his right to practice his religion. The Court agrees with Magistrate Judge Coan that defendants appear to have provided Mr. Ahmad with reasonable alternatives. Every Muslim inmate is allowed to pray the mandatory group prayer, *Jumah*, every Friday. This is a reasonable avenue available to allow Mr. Ahmad to exercise his First Amendment rights while, at the same time, uphold the legitimate interest of maintaining prison security. In addition, SCF has provided other avenues for Mr. Ahmad to practice his religion, including providing Mr. Ahmad a Quran and allowing him to observe Ramadan. Therefore, the Court accepts and adopts Magis-

trate Judge Coan's Recommendation on the second *Turner* factor.

■ Mr. Ahmad also challenges Magistrate Judge Coan's Recommendation as to the third and fourth *Turner* factors. Mr. Ahmad argues that because prison staff is already monitoring day room activities, allowing prayer in the day room would not necessitate an additional accommodation by prison staff necessary to supervise Muslim prayer. Mr. Ahmad also calls defendants' argument that some of the prayers may occur during "lock down" times, thus diverting prison resources, a "mere smokescreen" because this security concern does not address the daily prayers that occur at other times. Mr. Ahmad, however, has not presented any evidence that there are sufficient prison resources to oversee Muslims conducting five daily prayers during times when the cell is not in lock down. Moreover, Mr. Ahmad has not proved that there are sufficient prison resources to oversee Muslims during lock down times. Defendants, in contrast, have presented evidence that there is not enough prison staff to closely supervise either individual demonstrative prayer or congregate prayer while still attending to normal prison operations. Any alternatives under *Turner*, including hiring more staff to supervise daily Mulsim prayer, would not have a *de minimis* cost in relation to valid penological interests. Therefore, the Court accepts and adopts Magistrate Judge Coan's Recommendation that the third and fourth *Turner* factor weigh in the defendants' favor. Because all four *Turner* factors weigh in defendants' favor, the Court accepts and adopts Magistrate Judge Coan's Recommendation that summary judgment should be granted in defendants' favor for Mr. Ahmad's First Amendment free exercise claim. Because this claim does not survive summary judg-

ment, neither can his related conspiracy claim under 42 U.S.C. § 1983.

## EQUAL PROTECTION CLAIM

Mr. Ahmad next challenges Magistrate Judge Coan's Recommendation that Mr. Ahmad has not produced evidence sufficient to show a Fourteenth Amendment equal protection violation. Specifically, Mr. Ahmad notes that Magistrate Judge Coan found that there is no discrimination towards Muslims in prayer sessions of groups more than four. Mr. Ahmad claims there is discrimination, and thus an equal protection violation, for prayer sessions of groups of two, three, or four Muslims, as opposed to those of other faiths.

■ Here, Mr. Ahmad has not presented any evidence that the policy prohibiting congregate prayer, as to groups of two or more, is applied unequally. Mr. Ahmad contests that Christians are allowed to hold hands and pray silently in groups up to four while Muslims are not allowed to pray. Muslims, however, are allowed to gather in groups up to four to read the *Qur'an* or pray silently. Because traditional Muslim prayer involves chanting out loud, such prayer in groups up to four is prohibited. If a group of more than two Christians pray out loud, or if a group of more than two Catholics pray the rosary together, that group as well would be prohibited from praying. In fact, the policy prohibiting congregate prayer in groups of any number is applied equally to all faiths as long as there is the potential to disturb or disrupt prison order by not engaging in silent prayer or religious study. Thus, even in groups of two or more, because the policy prohibiting congregate prayer is applied equally to all faiths (and Mr. Ahmad has not even demonstrated a disproportionate impact of the policy against those of the Muslim faith), Mr. Ahmad has not

presented enough evidence sufficient to prove an equal protection violation.

Even assuming *arguendo* that prohibiting Muslim congregate prayer in groups of two, three, or four is discriminatory, such discrimination is reasonably related to a legitimate penological interest-namely, maintaining prison order and security and preventing racial violence. It is illogical to suppose that prayer in groups greater than four is not allowed because of the risk of prison violence, while prayer in groups of two, three or four should be allowed even though the potential risk of prison violence may be the same. Accordingly, because defendants have not violated Mr. Ahmad's equal protection right, the Court accepts and adopts Magistrate Judge Coan's Recommendation that summary judgment be granted in favor of defendants for Mr. Ahmad's equal protection claim.

## RETALIATION CLAIM

■ Mr. Ahmad also challenges Magistrate Judge Coan's Recommendation to dismiss Mr. Ahmad's retaliation claim against Defendant Watts. To show retaliation, plaintiff must first prove that his or her activity is constitutionally protected, and that but for the retaliation, the incident and disciplinary action would not have taken place. *Peterson v. Shanks,* 149 F.3d 1140, 1144 (10th Cir.1998). The Court agrees with the Magistrate Judge when she finds that there is insufficient evidence to prove that Defendant Watts participated in any retaliatory action. Watts did not participate in placing Mr. Ahmad in segregation, but merely awaited instructions from superiors. Because the Court has accepted and adopted Magistrate Judge Coan's Recommendation on the First Amendment Free Exercise Clause and Fourteenth Amendment Equal Protection Clause, there is no constitutionally protected activity at issue. Mr. Ah-

mad cannot move forward with a retaliation claim unless he proves that there is a constitutionally protected activity for congregate prayer, and therefore, the Court accepts and adopts Magistrate Judge Coan's Recommendation that summary judgment on Mr. Ahmad's retaliation claim be granted in defendant Watts' favor.

## DEFENDANTS' OBJECTIONS TO RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

██ Defendants too timely filed an objection to Magistrate Judge Coan's Recommendation, objecting to Magistrate Judge Coan's finding that defendants did not assert a qualified immunity defense to Mr. Ahmad's RLUIPA claims. The burden of pleading qualified immunity is on the defendants. *Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980). Under a separate heading labeled "RLUIPA Claim" in defendants' Amended Answer, defendants deny violating RLUIPA. Another heading, labeled "RLUIPA Affirmative Defenses," claims that RLUIPA is unconstitutional. If defendants had wished to claim qualified immunity as to the added RLUIPA claim, they should have done so under "RLUIPA Affirmative Defenses" in their Amended Answer. They did not do so. Therefore, defendants have failed to properly plead qualified immunity to the RLUIPA Claim, and the Court accepts and adopts Magistrate Judge Coan's Recommendation that qualified immunity does not apply to the RLUIPA claim. Finally, defendants assert that Magistrate Judge Coan erred in determining that RLUIPA is constitutional. However, in their objections, defendants offer no new argument as to Magistrate Judge Coan's findings or conclusions. Therefore, the Court need not complete a *de novo* review, and concludes that Magistrate Judge Coan's findings as to this issue were neither clearly erroneous or contrary to law.

Accordingly, it is

ORDERED as follows:

1. The Recommendation of the United States Magistrate Judge (Dkt.# 196) is ACCEPTED and ADOPTED;

2. The State Defendants' Motion to Dismiss RLUIPA Claim (Dkt.# 127) is DENIED;

3. Defendant John Watt's Motion for Summary Judgment (Dkt.# 132) is GRANTED;

4. State Defendants' Motion for Summary Judgment (Dkt.# 129) is GRANTED IN PART AND DENIED IN PART, as follows:

 a) Plaintiff's First Amendment free exercise claim, his claim that defendants conspired to violate his First Amendment rights, his Fourteenth Amendment equal protection claim, and his RLUIPA claim which challenges the policy prohibiting congregate prayer in the open areas of the living units is DISMISSED;

 b) Defendants' motion for summary judgment on plaintiff's RLUIPA claim challenging the policy prohibiting individual demonstrative prayer outside of his cell is DENIED;

5. Defendant Watts is DISMISSED from this action; and

6. Plaintiff's claims regarding individual demonstrative prayer outside of the cell and for punitive damages claims against Defendants Ehrmann and Furlong remain pending.__